UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SUSAN S., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:17-cv-00210-JDL |
| | ) |
| NANCY A. BERRYHILL, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant | ) |

**REPORT AND RECOMMENDED DECISION**[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing past relevant work and, in the alternative, performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ lacked any medical opinion support for her residual functional capacity ("RFC") determination and impermissibly rejected the opinion of a treating physician, George E. Bokinsky, M.D. *See* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 13) at 3-8. I agree that the RFC determination is unsupported by substantial evidence and, on that basis, recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's second point of error regarding the ALJ's treatment of Dr. Bokinsky's opinion.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2018, Finding 1, Record at 12; that she had the severe impairments of a sleep-related breathing disorder and obesity, Finding 3, *id*. at 13; that she had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: she could not climb ladders, ropes, or scaffolds, needed to avoid exposure to unprotected heights and dangerous equipment, commercial driving, and heavy machinery, and needed to avoid concentrated exposure to pulmonary irritants, Finding 5, *id*. at 15; that she was capable of performing past relevant work as a CNA, which did not require the performance of work-related activities precluded by her RFC, Finding 6, *id*. at 19; that, in the alternative, considering her age (49 years old, defined as a younger individual, on her alleged disability onset date, November 19, 2012), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, *id*. at 19; and that she, therefore, had not been disabled from November 19, 2012, through the date of the decision, January 12, 2016, Finding 7, *id*. at 20-21. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

In the alternative, the ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Yuckert*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff complains that, after rejecting the opinions of treating and examining physicians, the ALJ improperly adopted the findings of a Single Decision Maker ("SDM") in assessing her RFC, warranting remand. *See* Statement of Errors at 3-6.

An SDM "is an employee of the Social Security Administration who has no medical credentials" and whose opinion "is entitled to no weight." *Chambers v. Colvin*, Civil No. 15-cv-150-JL, 2016 WL 614405, at *4 (D.N.H. Feb. 16, 2016). Accordingly, if an ALJ relies on the opinion of an SDM in formulating an RFC, the ALJ is considered to have "effectively substituted [her] own judgment for medical opinion." *Id.* (citation and internal quotation marks omitted).

The commissioner concedes that reliance on the opinion of an SDM is inappropriate. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 16) at 4; *Omar v. Astrue*, Civil No. 08-270-P-S, 2009 WL 961230, at *2 n.2 (D. Me. Apr. 7, 2009) (rec. dec., *aff'd* May 1, 2009) ("[A] physical [RFC] form completed by a "single decision maker" is not an acceptable medical source opinion and thus not available as evidence on which the [ALJ] could rely."). However, she argues that, rather than relying on the findings of the SDM, the ALJ made a common-sense determination of the effects of the plaintiff's obesity and sleep-related breathing disorder. *See* Opposition at 4-7. She contends that, in any event, the actual limitations assessed by the ALJ were more favorable than called for by the medical evidence of record. *See id*. at 8.

Turning first to the question of whether the ALJ relied on the SDM, the commissioner argues that "[t]here is no indication that the ALJ was under any misapprehension that the SDM's assessment was a medical opinion[,]" noting that she expressly addressed the medical opinions of agency nonexamining medical and psychological consultants, and that "[m]erely because elements of the ALJ's RFC are similar to the SDM's assessment, does not mean that the ALJ impermissibly relied on the SDM." *Id*. at 4-5. However, as the plaintiff's counsel underscored at oral argument, the ALJ's RFC is virtually identical to that of the SDM. *Compare* Finding 5, Record at 15 *with id*. at 67-69. The inference that she relied on it is inescapable. That she discussed only the expert consultants' opinions, omitting mention of that of the SDM, *see id*. at 18, does not undercut that inference.

Moreover, while the ALJ stated that she did "not accord[] great weight" to the expert agency nonexamining consultants' opinions because those experts "did not have access to . . . lat[]er adduced evidence[,]" *id*., as a practical matter she could not have accorded their opinions any weight regarding the plaintiff's physical impairments – the only impairments she found severe.

4

On initial review, only the SDM offered an opinion regarding the plaintiff's physical impairments: no expert consultant did so. *See id*. at 67-69, 74. On reconsideration, Robert Hayes, D.O., reviewed the plaintiff's physical impairments; however, he made no RFC assessment, explaining that there was insufficient evidence for both the period prior to her date last insured for SSD benefits, May 31, 2013, and the current period for purposes of her SSI claim. *See id*. at 83-84, 88. Compounding matters, the date last insured on which Dr. Hayes relied in assessing the SSD claim turned out to be erroneous, rendering that opinion irrelevant in any event. *See id*. at 29-30, 34. The ALJ's *sub silentio* reliance on the SDM opinion was clear error. *See, e.g.*, *Omar*, 2009 WL 961230, at *2 n.2.

The commissioner, nonetheless, argues that the ALJ independently made a permissible common-sense determination of the plaintiff's RFC. *See* Opposition at 5-7. As the commissioner observes, *see* Opposition at 5, the First Circuit has carved an exception to the general rule that, "since bare medical findings are unintelligible to a lay person in terms of [RFC], the ALJ is not qualified to assess [RFC] based on a bare medical record[,]" holding that "[t]his principle does not mean . . . that the [commissioner] is precluded from rendering common-sense judgments about functional capacity based on medical findings, as long as [she] does not overstep the bounds of a lay person's competence and render a medical judgment[,]" *Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). The First Circuit elaborated:

> Obviously, speaking hypothetically, if the only medical findings in the record suggested that a claimant exhibited little in the way of physical impairments, but nowhere in the record did any physician state in functional terms that the claimant had the exertional capacity to meet the requirements of sedentary work, the ALJ would be permitted to reach that functional conclusion himself.

*Id.*[2]

---

[2] The commissioner contends that, as in *Dubois v. Berryhill*, No. 1:17-cv-00076-JDL, 2017 WL 6000340 (D. Me. Dec. 3, 2017) (rec. dec., *aff'd* Feb. 28, 2018), the plaintiff waived any challenge to the ALJ's common-sense judgment

5

The commissioner asserts that, "given the medical evidence (showing very little treatment for sleep issues and very little evidence of ongoing complaints), and [the] [p]laintiff's current level of functioning and activities, the ALJ permissibly determined [her] RFC." Opposition at 6. As she notes, *see id*., the ALJ explained her RFC determination as follows:

> The [plaintiff]'s allegations are exaggerated and inconsistent with the objective evidence. Although [she] has complained of being essentially bedridden for days at a time, physical examination has failed to reveal any muscle wasting or atrophy which one would expect to see considering [her] allegations of severe physical limitations. [She] has had very little treatment for her sleep issues[,] and there is very little evidence of ongoing complaints. The evidence of record also indicates that despite [her] complaints and allegations, [she] has admitted that she was able to visit with family, cook, shop, and drive, all activities which generally reveal functioning at a greater level than alleged. The [plaintiff]'s obesity would prevent her from being able to climb ladders, ropes or scaffolds, but she would be able to engage in all other postural maneuvers. Due to her breathing issues and occasional drowsiness, she should avoid hazards and pulmonary irritants[.]

Record at 18.

Yet, as the plaintiff's counsel contended at oral argument, while these may be common-sense restrictions as far as they go, they do not go far enough. As he suggested, daytime drowsiness seemingly also would affect an employee's concentration, persistence, or pace. Indeed, as the plaintiff observes, *see* Statement of Errors at 6 n.5, her treating sleep specialist, Dr. Bokinsky, commented that she "need[ed] to get consistent sleep" and that her "[s]ymptoms may lead to being unemployable[,]" Record at 261, and her treating primary care physician, Megan L. Driscoll, M.D., stated, in the "assessment" section of a progress note, that her "daytime sleepiness [wa]s quite

---

by arguing that her RFC determination lacked expert medical support, overlooking the exception to the rule for common-sense determinations. *See* Opposition at 7; *Dubois*, 2017 WL 6000340, at *3-4. Nonetheless, as the commissioner acknowledges, *see* Opposition at 7 n.2, the plaintiff referred to the common-sense principle in her statement of errors, *see* Statement of Errors at 2, and argued that, because "this is not a case involving a claimant with 'relatively little physical impairment,' the ALJ could not make an RFC assessment based on the bare medical record[,]" *id*. at 5. This sufficed to preserve the issue, distinguishing this case from *Dubois*. That the plaintiff did not elaborate in her statement of errors on why the ALJ could not make a common-sense judgment, *see* Opposition at 7 n.2, is not fatal. Her counsel elaborated on the point at oral argument in response to the commissioner's contention in her brief and through counsel at oral argument that a permissible common-sense determination was made.

severe and interfering with functioning[,]" *id*. at 337. Even if the ALJ permissibly discounted both the Bokinsky opinion and Driscoll note, their existence calls into doubt that her layperson's assessment of restrictions flowing from the plaintiff's breathing and drowsiness issues was a common-sense one. *See, e.g., Manso-Pizarro*, 76 F.3d at 19 (remand warranted when, even if court "were to conclude that substantial evidence documented no more than mild physical impairments with relatively insignificant exertional loss," the record before ALJ was "sufficiently ramified that understanding it requires more than a layperson's effort at a commonsense functional capacity assessment").[3]

*Kenney v. Colvin*, No. 2:13-cv-296-GZS, 2014 WL 3548986 (D. Me. July 17, 2014), which the commissioner cites for the proposition that the ALJ made a common-sense determination, *see* Opposition at 6, is distinguishable. In *Kenney*, "[t]he [ALJ] made a commonsense judgment that the [claimant] was capable of performing at least medium work based on the [claimant]'s own statement that she could perform heavy work well, as of the time her final job ended, as well as the absence of any indication from [a treating source's] objective findings on examination that her condition worsened after that time." *Kenney*, 2014 WL 3548986, at *5. In this case, the ALJ did not rely on any statement by the plaintiff concerning her work-related functional capacities and assessed restrictions bearing on a more complex condition, sleep-related breathing disorder and attendant daytime drowsiness.

The commissioner's last alternative argument, that the ALJ made an RFC determination more favorable than the record would otherwise support, *see* Opposition at 8, is also unavailing in

---

[3] The commissioner adds that the ALJ's RFC determination is also supported in part by the opinion of the plaintiff's examining consultant, Robert N. Phelps Jr., M.D., which the ALJ did not reject outright but, rather, gave "little weight." Opposition at 9-10; Record at 17. The commissioner observes that, consistent with the ALJ's RFC determination, Dr. Phelps found, *inter alia*, that the plaintiff had severe limitations in her ability to climb or be exposed to environmental allergens. *See* Opposition at 9-10; Record at 381. However, this begs the question of whether the ALJ's RFC determination fairly captured the universe of restrictions flowing from the plaintiff's acknowledged occasional drowsiness.

7

these circumstances. *See, e.g.*, *Vallier v. Berryhill*, No. 1:17-cv-00064-DBH, 2017 WL 5665539, at *4 (D. Me. Nov. 26, 2017) (rec. dec., *aff'd* Dec. 12, 2017) (ALJ's error in assessing RFC based on raw medical evidence was not rendered harmless on basis that it was more favorable to claimant than the evidence would otherwise support when ALJ rejected the expert opinions that were less friendly, thereby conceding that they could not stand as substantial evidence of claimant's RFC).

Finally, because the ALJ made an RFC determination unsupported by substantial evidence, undermining the predicate for the vocational testimony on which she relied to find the plaintiff capable of returning to past relevant work or, in the alternative, performing other work existing in significant numbers in the national economy, *see* Record at 19-20, remand is required, *see, e.g.*, *Arocho v. Sec'y of Health & Human Servs.,* 670 F.2d 374, 375 (1st Cir.1982) (responses of a vocational expert are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 30th day of July, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge