# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| SUSAN S., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|               v. | ) 2:17-cv-00210-JDL |
| | ) |
| ANDREW SAUL, SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) |
| | ) |
|     Defendant. | ) |

## ORDER ON MOTION FOR SUPPLEMENTAL ATTORNEY FEES AND MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC*

Susan S. seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) (ECF No. 35). The Commissioner objects to the request as untimely filed. In response, Plaintiff seeks a retroactive extension of time to file her fee request, thereby making the fee request "timely" as filed (ECF No. 37). Because the delay was brief and has not affected the Court's administration of the case, I grant Susan S.'s request for an extension, and, having considered her fee request, award attorney fees.

## I. ANALYSIS

Following a remand from this Court, Susan S. was found to be entitled to Social Security disability benefits. She subsequently requested the Court's approval, as required by 42 U.S.C. § 406(b), of her attorney fees accrued under a contingent fee agreement, which I granted. *See* ECF No. 34. Susan S.'s dependents were subsequently awarded retroactive benefits, and Susan S. filed a motion for a supplemental award of § 406(b) fees in the amount of $6,000. *See* ECF No. 35.

Although there is no statutory deadline for seeking attorney fees under 42 U.S.C. § 406(b) in a Social Security appeal, our local rules require that any such application "shall be filed within 30 days of the date of the Commissioner of Social Security's notice of award that establishes both that there are past due benefits and the amount thereof." D. Me. Local R. 54.2. Counsel for Susan S. admits that he filed the request three days beyond the 30-day window, having "mistakenly calendared" the deadline for 30 days from the date he received the notice of award in the mail, instead of 30 days from the notice of award itself. ECF No. 35 at 5. Because of this error, Susan S. seeks a retroactive extension of the initial fee request deadline, thereby making her fee request timely as filed. ECF No. 37. The Commissioner opposes both the award and the extension of time.

The failure to timely file attorney fee petitions can result in a forfeiture of fees. *See Richardson v. Astrue*, Civil No. 07-62-P-H, 2010 WL 2927269, at *4 (D. Me. July 20, 2010), *adopted by* No. 2:07-cv-62-DBH, ECF No. 28 (D. Me. Aug. 9, 2010); *Reer v. Astrue*, Civil No. 08-21-P-S, 2010 WL 2927255, at *4 (D. Me. July 20, 2010), *adopted by* Civil No. 08-21-P-S, 2010 WL 3168266 (D. Me. Aug. 10, 2010). However, given the shortness of the delay in this case, and the absence of any claim of actual prejudice by the Social Security Administration, refusing to consider the fee request because it was submitted three days late would be a disproportionate and unjust penalty. *See Linda S. v. Saul*, Civil No. 2:18-cv-00224-DBH, ECF No. 26 at 2 (D. Me. Sept. 17, 2019). Thus, I consider the substance of Susan S.'s fee request and, finding it reasonable, conclude that it should be granted.

## II. CONCLUSION

It is hereby **ORDERED** that Plaintiff's Motion for Extension of Time (ECF No. 37) and Plaintiff's Motion for Supplemental Attorney Fees (ECF No. 35) are **GRANTED**. Plaintiff is awarded supplemental attorney fees in the amount of $6,000.00. The Social Security Administration shall pay these fees from Plaintiff's dependents' retroactive Social Security benefits.

**SO ORDERED.**

**Dated this 15th day of January, 2020.**

/s/ JON D. LEVY<br>
**CHIEF U.S. DISTRICT JUDGE**